999 F.2d 544
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
David CHEVRETTE, Defendant-Appellant.
 No. 91-50595.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 6, 1992.
Decided July 14, 1993.
As Amended Sept. 24, 1993.
 
 1
 Before HUG, FLETCHER and BRUNETTI, Circuit Judges
 
 
 2
 MEMORANDUM*
 
 
 3
 Defendant, David Chevrette, appeals his conviction following a jury trial in district court of conspiracy to possess LSD with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and § 846, and possession of LSD with intent to distribute, aiding and abetting, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. We affirm.
 
 
 4
 * Chevrette contends that the district court violated his sixth amendment rights by improperly limiting his cross-examination of government agents Sanchez and Goldberg. The defense theory is that the agents lied at trial about Chevrette's involvement to use him as a scapegoat because they were embarrassed that Chevrette's unidentified companion (the "real bad guy") had gotten away with the government's money.
 
 
 5
 Chevrette argues that the agents' credibility was critical to his defense, and that their concealment of harmful information about Fron, the government's confidential informant, despite a court order to produce it, was highly relevant for impeachment as to Sanchez and Goldberg's bias and lack of credibility.
 
 II
 
 6
 A district court's decision regarding the scope of cross-examination is reviewed for an abuse of discretion. United States v. Bonanno, 852 F.2d 434, 439 (9th Cir.1988), cert. denied, 488 U.S. 1016 (1989). Whether limitations on cross-examination are so severe as to violate the confrontation clause is a question of law, reviewed de novo. United States v. Vargas, 933 F.2d 701, 704 (9th Cir.1991).
 
 III
 
 7
 The sixth amendment guarantees criminal defendants the right to cross-examine adverse witnesses to uncover possible bias and to expose the witness' motivation in testifying. Davis v. Alaska, 415 U.S. 308 (1974). However, a trial court has considerable discretion to limit cross-examination. Carriger v. Lewis, 971 F.2d 329 (9th Cir.1992) (en banc).
 
 
 8
 We agree that the agents' failure to disclose information about Fron in a timely manner was marginally relevant and that Chevrette should have been allowed to explore the matter on cross. Certain of counsel's questions to the agents, Sanchez and Goldberg, ineptly posed, caused the court to sustain objections to them. Nonetheless, the jury was made aware that the Government knew that Fron was unreliable and had not candidly revealed all it knew to defense counsel and the court.
 
 
 9
 When defense counsel was given the opportunity to object to the court's rulings in chambers, the main thrust of her argument was that questioning on cross-examination was directed at showing the sloppiness of the agents' handling of the case. Defense counsel did not explain clearly that she wanted to cross-examine the agents regarding why or if they had lied about Fron's background or why that mattered since Fron did not testify. The limitations placed on Chevrette's cross-examination of the agents did not amount to an abuse of discretion by the district court, nor did they constitute a violation of Chevrette's sixth amendment rights.
 
 
 10
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Circuit Rule 36-3